48 F.3d 1218
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Mary L. WHITLEY, in her official capacity as the
Administratrix of Joseph H. Jenkins, deceased,
Plaintiff-Appellant,
and George C. JENKINS; James F. Jenkins; David Jenkins;
Barbara Jenkins Rowsey; Violet Rowsey; Robert
Jenkins; Sandra Jenkins Phillips;
Violet Blankenship, Plaintiffs,
v.
Katherin v. McWATERS; Jorge Ibarra, M.D.; E. Cochran,
R.N.; C. Couther, LPN; F. Clark, LPN, Defendants-Appellees,
and Joseph F. Lewis; Eddie L. Pearson, Individually and in
his official capacity as Warden, St. Brides Correctional
Center; Lorenzo A. Parker; Gary L. Bass; C. D. Brown,
Major; K. Stone, LPN; M. Simmons, LPN; M. Cassidy, LPN, Defendants.
 No. 94-1452.
 United States Court of Appeals, Fourth Circuit.
 
 for the Eastern District of Virginia, at Norfolk. Raymond
A. Jackson, District Judge. (CA-93-268-2)
 Argued: Jan. 31, 1995.
Decided: March 3, 1995.
 ARGUED: Oldric Joseph LaBell, Jr., Newport News, Virginia, for Appellant. Amy Moss Levy, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees. ON BRIEF: David C. Bowen, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees.
 OPINION
 Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph Jenkins died of cardiopulmonary arrest resulting from an epileptic seizure while incarcerated at St. Bride's Correctional Center in Chesapeake, Virginia. His administratrix, Mary L. Whitley, brought this suit under 42 U.S.C. Sec. 1983, alleging cruel and unusual punishment on the part of prison officials. In particular, Whitley charges that prison medical officials acted with deliberate indifference to Jenkins' serious medical needs by not increasing the levels of medication being used to treat Jenkins' condition. See Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 2
 Finding the care Jenkins received to be adequate, the district court granted summary judgment in favor of the defendants. We agree with the district court that Jenkins received adequate medical care. Prison medical officials regularly monitored Jenkins' epilepsy, they prescribed phenobarbitol and dilantin to treat the condition, they frequently instructed Jenkins about the importance of regularly taking his medication, and they altered Jenkins' medication schedule to ensure that Jenkins would receive and ingest his medication on a regular basis. At the time of Jenkins' death, it appeared that his epilepsy was under control, as more than a year had passed since Jenkins had experienced a seizure.
 
 
 3
 Given the regular medical attention Jenkins was receiving and the infrequency with which he was suffering seizures, the decision of prison medical officials not to alter Jenkins' treatment program seems entirely reasonable, despite blood test results indicating that Jenkins' was receiving insufficient medication. If Jenkins was receiving insufficient medication at the time of his death, this was more likely due to his own failure to take his medication on ten separate days in the month preceding his death, rather than any misconduct on the part of prison officials, who had already taken steps to encourage Jenkins to take his medication.
 
 
 4
 At worst, the prison doctors were negligent in not raising Jenkins' dosages. However, as the Supreme Court noted in Estelle v. Gamble, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106; see also Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir.1990). ("[M]ere negligence or malpractice does not violate the eighth amendment."). Because the district court correctly relied on Estelle and Miltier in reaching its decision, we affirm summary judgment on the reasoning of the district court. Whitley v. Lewis, No. 93-268 (E.D. Va. Jan. 20, 1994) (memorandum order and opinion); see also Farmer v. Brennan, 114 S.Ct. 1970 (1994). We also find no abuse of discretion in the district court's denial of Whitley's motion for a new trial.
 
 AFFIRMED